**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CRIMINAL DOCKET NO.: 5:98CR289-V**
**CIVIL DOCKET NO.: _____**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN FITZGERALD WITHERSPOON, )<br>    Defendant / Petitioner. )<br>)<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Defendant's "Motion For Reduction Of Sentence Pursuant To Blakely v. Washington, 02-1632." (Document #344)

On March 12, 1999, Defendant Witherspoon entered a "straight-up" guilty plea to Count One of the Superseding Bill of Indictment, namely, conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On October 28, 1999, this Court sentenced Defendant to 180 months imprisonment. Judgment was entered on December 2, 1999. Defendant did not appeal his conviction and sentence. On December 1, 2000, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence. (Document #265) (*See* WDNC Civil Docket No.: 5:00CV185-V). Defendant's collateral attack pursuant to §2255 was unsuccessful. On September 29, 2004, this Court dismissed Petitioner's Motion to Vacate.

Defendant has now filed a document challenging his sentence and conviction based upon the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004).[1] Notably, Defendant attempted to raise an Apprendi[2] claim in filings subsequent to his original Section 2255 petition. Relying in part on the same facts and argument, Defendant

---

[1] Since Defendant's filing, on January 12, 2005, the U.S. Supreme Court announced its decision in United States v. Booker / Fanfan, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

appears to advance a constructive amendment of the indictment claim as well.

In any event, a review of Defendant's filing reveals that it is most properly construed as another Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255.[3] However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. §2255. Because this is Defendant's *second* Motion To Vacate, Set Aside, Or Correct Sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.[4]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1) The Deputy Clerk is directed to treat this motion as a Motion to Vacate, Set Aside, or Correct Sentence and file a copy of this Order within the civil case number assigned; and

2) Petitioner's Motion For Reduction Of Sentence, which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED** *without prejudice* as successive.

Signed: February 9, 2006

Richard L. Voorhees
Chief United States District Judge

---

[3] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

[4] Moreover, even if Defendant's filing were not deemed successive, Booker has not been recognized as retroactive by the Supreme Court. United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

2